Regina **Deleon Guerrero**,
Plaintiff/Appellee,
v.
William B. **Nabors**,
Defendant/Appellant.
Appeal No. 92-030
Civil Action No. 90-0560
August 17, 1993

---

Argued and Submitted July 16, 1993

Counsel for appellant: V.K. Sawhney, Saipan (Hill & Sawhney).

Counsel for appellee: F. Randall Cunliffe, Guam.

BEFORE: VILLAGOMEZ, Justice, and CRUZ and MACK, Special Judges.

VILLAGOMEZ, Justice:

## FACTUAL AND PROCEDURAL BACKGROUND

The plaintiff/appellee, Regina Deleon Guerrero, ("Regina") is a person of Northern Marianas descent who maintains a common-law marital relationship with Douglas H. Cushnie, a person not of Northern Marianas descent. The defendant/appellant, William B. Nabors ("Nabors"), is an attorney who used to practice law in the CNMI but has discontinued his law practice. He is not a person of Northern Marianas descent. The defendant Gilbert Nabors ("Gilbert") is Nabors's adopted son who resides in Hawaii. He is a person of Northern Marianas descent.

On January 29, 1987, Nabors, on behalf of and as attorney-in-fact for Gilbert, executed an "agreement of sale" agreeing to sell Gilbert's land to Regina. The agreement was negotiated between Nabors and Cushnie. The agreement states that Gilbert was of the age of majority at that time. Following the execution of the agreement of sale, Gilbert signed a warranty deed transferring Lot 006 D 59, containing 697 square meters, to Regina for $40,000. After executing the warranty deed, Regina paid the $40,000 to Nabors and Gilbert.

On May 19, 1989, Gilbert executed a "Notice of Disaffirmance and Non-approval of Warranty Deed" stating that at the time he executed the warranty deed he was under the age of majority. The notice of disaffirmance also stated that the $40,000 had been returned to Regina, although it had not. Nabors offered to return the $40,000 to Cushnie, which Cushnie declined to accept.

Nabors has received and kept for himself rent payments for the property for a period commencing January 29, 1987, and ending December 31, 1993, in the sum of $56,600.

On June 14, 1990, Regina filed suit against Nabors and Gilbert alleging breach of contract and fraud on the part of both Nabors and Gilbert. The complaint sought specific performance of the contract, damages for breach of contract, general and punitive damages for fraud and other relief.[1] At the same time, Regina demanded a jury trial, but did not pay the $300 fee.

On December 24, 1990, Nabors executed and delivered a quitclaim deed to Rosa Shai Lazaro transferring the same land. He executed the deed on behalf of and as an attorney-in-fact for Gilbert. Then, on July 19, 1991, Nabors caused Gilbert to execute a warranty deed in favor of Rosa Shai Lazaro for the land. Later that year, on October 1, 1991, Gilbert executed a confirmation deed reaffirming the warranty deed which he had executed on February 6, 1987, when he was a minor, in favor of Regina. In return, Regina paid him an additional $25,000. This transaction settled the case between Gilbert and Regina so that he is not a party to the appeal.

On July 8, 1992, the trial court issued an order stating, in part: "All proposed jury instructions are to be filed and served by September 14, 1992." On September 14, 1992, Regina filed "Plaintiff's Proposed Jury Instruc-

tions" stating, in part: "At this time, Plaintiff is prepared to proceed at a bench trial and, therefore, we will not be submitting any jury instructions." Regina did not obtain Nabors's consent to withdraw her demand for a jury trial.

Prior to trial, Nabors's attorney, Robert L. Keogh, moved to withdraw as counsel. At the hearing on that motion Keogh failed to appear, and the court denied the motion.

On the day of trial, September 28, 1992, Keogh renewed his motion to withdraw, which the court granted. Nabors then moved for a continuance in order to retain new counsel. The court denied the motion. He then objected to proceeding to trial without a jury since Regina had requested a jury trial. The court overruled the objection because Regina did not pay the required jury fee, hence failed to perfect her request for jury trial and was not entitled to one.

After trial, the court found and concluded that: (1) the warranty deed Gilbert executed on February 5, 1987, when he was a minor, was voidable; (2) the notice of disaffirmance and non-approval of the warranty deed executed on May 19, 1989, was invalid because the $40,000 was not tendered back to Regina; (3) Gilbert's subsequent execution of the confirmation deed and a new warranty deed on October 1, 1991, confirmed title to the property in Regina; (4) Nabors's action constituted fraud against Regina; (5) there was no violation of N.M.I. Const. art. XII; (6) the rent, received by Nabors, in the sum of $54,600, belonged to Regina; (7) the $25,000 paid by Regina to settle the case with Gilbert should be returned by Nabors to Regina, and, finally, Regina was entitled to punitive damages in the amount of $100,000. Nabors timely appealed.

## ISSUES AND STANDARD OF REVIEW

▮▮▮▮ The issues raised by Nabors are:

1. Whether the trial court erred in denying Nabors a jury trial. This issue raises a question of law which we review de novo.

2. Whether the trial court abused its discretion in denying Nabors's motion for continuance to retain new counsel. We review this issue under the abuse-of-discretion standard.

3. Whether the trial court erred in holding that the $40,000 was not "tendered" back to Regina. This issue raises a question of law which we review de novo.

4. Whether the trial court erred in concluding that N.M.I. Const. art. XII was not violated. This raises a question of law which we review de novo.

---

[1] Initially during the court proceedings, Nabors acted for himself and his son Gilbert by answering the complaint and sending interrogatories for Gilbert, etc., but later Gilbert retained his own attorney and acted for himself, which led to a settlement of the case against him.

## ANALYSIS

■ Based on the facts of this case, Nabors was entitled to rely on Regina's demand for a jury trial, and the trial court erred when it overruled Nabors's objection to proceeding to trial without a jury. Because we will reverse on this issue alone, we will not discuss the three other issues.[2]

Nabors contends that under Com. R. Civ. P. 38(d), he was entitled to rely on Regina's demand for a jury trial, was not required to make an independent demand of his own, and Regina could not withdraw her demand without his consent. Regina counters that before her demand for a jury trial could be effective, she had to pay the jury fee of $300, and unless her demand was effective, Nabors could not rely upon her demand.

The crux of the dispute thus is narrowed down to whether Regina had to pay the $300 jury fee before Nabors could rely upon Regina's jury demand pursuant to Com. R. Civ. P. 38(d). This is an issue of first impression in the Commonwealth.

■ Com. R. Civ. P. 38(a) preserves the right to trial by jury "as given by a statute of the NMI." Seven CMC § 3101(a) gives the right to jury trial in specified cases, and the instant case falls within the categories of cases in which there is a right to trial by jury. Seven CMC § 3101(b) conditions that right on payment of a fee as set by the court.[3] Thus, in order to effectuate a jury demand pursuant to Com. R. Civ. P. 38, a litigant must satisfy both subsections of 7 CMC § 3101 by raising factual issues that fall within the designated statutory categories and by paying the required fee.

■ Com. R. Civ. P. 38(d) states, in relevant part: "A demand for trial by jury *made as herein provided* may not be withdrawn without the consent of the parties." (Emphasis added.) Because Regina did not pay the jury demand fee, the court could have stricken the demand for a jury, but did not. Instead, it ordered the parties to file and serve jury instructions by September 14, 1992, over two years and three months after

Regina demanded a jury trial but failed to pay the fee. The court in essence designated the action upon the docket as a jury action and implied that jury trial had been demanded as provided in Com. R. Civ. P. 38. *See* Com. R. Civ. P. *39(a)*. By such order, the court itself relied upon the defective jury demand, and would have probably summoned a jury had Regina not informed the court on September 14, 1992, fourteen days before the trial date, that "[p]laintiff is prepared to proceed at a bench trial and, therefore, we will not be submitting any jury instructions." Because the court itself relied upon the demand, without the fee having been paid, it would be inequitable to disallow Nabors from making the same reliance.[4] Regina should have obtained Nabors's consent when withdrawing her demand for a jury trial.

## CONCLUSION

For the above reasons, we **REVERSE** the judgment and **REMAND** this case for Nabors to be given a jury trial.[5]

---

[2] At oral argument, Nabors did not pursue his appeal regarding the third and fourth issues. We have considered the second issue and are of the opinion that the trial court did not abuse its discretion because Nabors did not exercise due diligence in preparing for trial and retaining new counsel. *See Guerrero v. Guerrero*, 2 N.M.I. 61 (1991).

[3] The judicial fee schedule establishes the amount of the jury deposit at $300 and requires payment upon making the demand for jury. If the clerk has accepted the demand without payment of the deposit, the clerk reminds the person demanding the jury trial to either pay the fee or face having the demand stricken by the court.

[4] Had the court notified the parties that the jury fee had not been paid, either plaintiff could have paid it, or, when either plaintiff no longer wished a jury trial, the defendant could have paid it if she wished to proceed with a jury trial.

[5] Nabors shall be required to pay the jury fee as if he had demanded the jury trial.